Gustavo Ponce, Esq.
Nevada Bar No. 15084
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com

**PARKER COLE, P.C.**
Michael R. Parker (*Pro Hac Vice*)
Kevin Cole (*Pro Hac Vice*)
6700 Fallbrook Ave, Suite 207
West Hills, CA 91307
Telephone: (818) 292-8800
Facsimile: (818) 292-8337
E-mail: michael@parkercolelaw.com
E-mail: kevin@parkercolelaw.com

*Attorneys for Plaintiff*
*Abigail Ortiz*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ABIGAIL ORTIZ, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAC LLC d/b/a SAPPHIRE GENTLEMEN'S CLUB; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:20-CV-00621-GMN-BNW<br><br>*Assigned to the Hon. Gloria M. Navarro*<br><br>**VOLUNTARY DISMISSAL BY STIPULATION**<br><br>Complaint Filed: March 31, 2020 |

The parties to this action, acting through counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate, in consideration of a negotiated settlement executed by them, to the dismissal with prejudice of this action, including all claims and counterclaims stated herein against all parties, with each party to bear its own attorneys' fees and costs. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (an action may be dismissed at any time by "filing . . . a stipulation of dismissal signed by all parties who have appeared."); *see* Judge Virginia A. Phillips, et al., Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 16:339 (The Rutter Group 2021) ("This [voluntary dismissal by stipulation] allows dismissal without court intervention after plaintiff's unilateral right to dismiss has been extinguished by service of an answer or summary judgment motion.") (citing *Hester Industries, Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir.1998)).

In addition, there has been no motion for class certification filed in this action, thus no class has been certified, and it is not necessary to provide notice to the absent putative class members. *See id.*, § 10:790 ("There is no requirement of judicial approval for precertification dispositions. The reason is that absent class members generally have no notice of uncertified class actions and therefore cannot be bound or deemed to have relied thereon.") (citing Adv. Comm. Notes to 2003 Amendments to Fed. R. Civ. P. 23).

///
///
///
///
///
///
///
///

In consideration of the foregoing, the parties respectfully request that the Court dismiss this action with prejudice.

**IT IS SO STIPULATED.**

Dated: July 16, 2021                                **KAZEROUNI LAW GROUP, APC**

By:   s/ Gustavo Ponce
*Attorneys for Plaintiff*

Dated: July 16, 2021                                **PARKER COLE, P.C.**

By:   s/ Kevin J. Cole
*Attorneys for Plaintiff*

Dated: July 16, 2021                                **GREENBERG TRAURIG, LLP**

By:   /s/ Alayne Opie
*Attorneys for Defendant*

**IT IS SO ORDERED.**

Dated this 19 day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court